# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **JUDY CULVER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 4:11-CV-3286-VEH |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **COMMISSIONER,** | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Plaintiff Judy Lynn Culver ("Ms. Culver") brings this action under 42 U.S.C. § 405(g) (2006), Section 205(g) of the Social Security Act. She seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] Ms. Culver timely pursued and exhausted her administrative remedies available before the Commissioner. The case

---

[1] In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

is thus ripe for review under 42 U.S.C. § 405(g).[2]

## FACTUAL AND PROCEDURAL HISTORY

Ms. Culver was forty years old on January 21, 2010, the date of her hearing before the Administrative Law Judge ("ALJ"). (Tr. 40). She completed the eleventh grade but did not graduate beyond that in school. (Tr. 41). Her past work experiences include employment as a machine operator and cashier. (Tr. 41-46). She claims she became disabled on January 23, 2007, due to effects from a stroke and back, leg, and neck problems. (Tr. 46-47). Her last period of work ended on that date as well. (Tr. 46).

On September 14, 2007, Ms. Culver protectively filed a Title II application for a period of disability and DIB. (Tr. 19). She also protectively filed a Title XVI application for SSI on that date. (*Id.*). On December 28, 2007, the Commissioner initially denied these claims. (*Id.*).

Ms. Culver timely filed a written request for a hearing on January 16, 2008. (*Id.*). The ALJ conducted a video hearing on the matter on January 21, 2010. (*Id.*) On February 25, 2010, he issued his opinion concluding she was not disabled and denying her benefits. (Tr. 30). She timely petitioned the Appeals Council ("AC") to

---

[2] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

review the decision on March 22, 2010. (Tr. 12-13). On July 12, 2011, the Appeals Council issued a denial of review on her claim. (Tr. 2).

Ms. Culver filed a Complaint with this court on September 12, 2011, seeking review of the Commissioner's determination. (Doc. 1). On February 7, 2012, she filed a Motion to Remand the appeal to the Commissioner pursuant to sentence six of 42 U.S.C. 405(g). (Doc. 8). The court denied this motion in an Order entered on March 6, 2012. (Doc. 13). With the parties having fully briefed the matter, the court has carefully considered the record and reverses the decision of the Commissioner.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (citations omitted). Substantial evidence is "more than

a scintilla, but less than a preponderance." *Id.*

Factual findings that are supported by substantial evidence must be upheld by the court. However, the ALJ's legal conclusions are reviewed de novo because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993) (citations omitted). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991) (citation omitted).

## **STATUTORY AND REGULATORY FRAMEWORK**

To qualify for disability benefits and establish her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) (2012). To establish an entitlement to

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508 (2012).

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4) (2012). The Commissioner must determine in sequence:

>  (1)   whether the claimant is currently employed;
>  (2)   whether the claimant has a severe impairment;
>  (3)   whether the claimant's impairment meets or equals an impairment listed by the Secretary;
>  (4)   whether the claimant can perform her past work; and
>  (5)   whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561, 563-64 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477 (citation omitted); *accord Foote v. Chater*, 67 F.3d 1553, 1559

(11th Cir. 1995) (citation omitted).  The Commissioner must further show that such work exists in the national economy in significant numbers.  *Id.*

## **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

The ALJ found that Ms. Culver met the insured status requirements of the Social Security Act through December 31, 2011. (Tr. 21).  He also found that she had not engaged in substantial gainful activity since January 23, 2007, the alleged onset date of her disability. (*Id.*).  He further concluded that she had the following severe impairments: mild cervical spondylosis; right temporal lobe epilepsy; status post acute cerebral ischemia resulting in left hemparesis; and left foot drop. (*Id.*).  The ALJ held that those medically determinable impairments, in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P,  Appendix 1 of the Social Security Regulations. (Tr. 22)

After considering Ms. Culver's stated symptoms and their congruence with the objective medical evidence, the ALJ found that she had the residual functional capacity to perform a "restricted range of light work," as defined in 20 C.F.R. §§ 4041567(b) and 416.967(b) (2012). (*Id.*). In reaching this determination, he afforded "substantial weight" to two State Agency consultative physicians, Dr. Amy Doyle, M.D., and Dr. Dallas Russell, M.D., both of whom examined Ms. Culver. (Tr. 27-28).  He in turn discredited Ms. Culver's statements concerning the limitations her

ailments placed on her range of activity. (Tr. 24). To justify this conclusion, the ALJ pointed to (1) her own description of the daily activities she could then still perform, and (2) the absence in her treatment records of any restrictions placed on her by overseeing physicians. (*Id.*)

The vocational expert ("VE") testified that Ms. Culver had transferable skills from her past relevant work as a spooling machine operator, cashier, and molding machine tender that could enable her to perform light and sedentary work. (Tr. 28). When posed with a hypothetical individual of Ms. Culver's age, education, past relevant work experience, and residual functional capacity, the VE asserted that such an individual could perform Ms. Culver's past relevant work as a cashier. (*Id.*). The ALJ, noting that the VE's testimony accorded with the Dictionary of Occupation Titles, agreed that Ms. Culver could return to her past relevant work. (*Id.*)

Noting that his conclusion meant Ms. Culver merited a finding of "not disabled," the ALJ decided to give her "the full benefit of the doubt" and proceeded to the final step of the sequential evaluation. (*Id.*). Considering Ms. Culver's age, education, work experience, and residual functioning capacity – in conjunction with the Medical-Vocational Guidelines – he found that she had acquired work skills from her past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy. (Tr. 29). In arriving at this

conclusion, he cited the VE's enumeration of representative occupational positions an individual with Ms. Culver's impairments could perform, both regionally and nationally. (*Id.*)

Relying on these determinations, the ALJ found that Ms. Culver was not disabled under the Social Security Act from January 23, 2007, through February 25, 2010, the date of the decision. (Tr. 30). He thus dismissed her applications for DIB and SSI benefits. (*Id.*)

## ANALYSIS

## I. INTRODUCTION

The court can reverse a finding of the Secretary only if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[4] However, the court "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Ms. Culver urges this court to reverse the Commissioner's decision to deny her

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

benefits on four grounds: (1) the AC failed to remand the case based on the new evidence she provided it regarding her disability, (2) in light of the new evidence, the ALJ's determination was not supported by substantial evidence, (3) the ALJ failed to state adequate reasons for discrediting her subjective evaluations regarding her disability; and (4) the ALJ wrongly drew an adverse inference against her based on inadequate specificity in her medical records. (Doc. 15 at 5). As the court agrees with Ms. Culver's first objection, it does not address any of the latter.

## II.   THE APPEALS COUNCIL INADEQUATELY REVIEWED MS. CULVER'S NEW EVIDENCE.

After the ALJ's decision, Ms. Culver provided the AC with new evidence regarding her medical condition. (Doc. 11 at 4). She argues that the AC erred by not remanding her case to the ALJ to consider this new evidence. (Doc. 11 at 14-22). The court agrees, to the extent that the AC insufficiently reviewed the new evidence.

Generally, a claimant may present new evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. § 404.900(b)). The AC has the discretion not to review the ALJ's denial of benefits. *See* 20 C.F.R. §§ 404.970(b), 416.1470(b) (2012). However, the AC must consider evidence that is (1) new (2) material, and (3) chronologically relevant. *Ingram*, 496 F.3d at 1261 (citing 20 C.F.R. § 404.970(b)).

9

The new evidence is material if "it is relevant and probative so that there is a reasonable possibility that it would change the administrative result." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987) (citations omitted). It is chronologically relevant if "it relates to the period on or before the date of the [ALJ] hearing decision." 20 C.F.R. § 404.970(b). If these conditions are satisfied, the AC must then review the case to see whether the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Id.*

In reviewing the Commissioner's decision to deny Ms. Culver benefits, this court must evaluate any evidence not submitted to the ALJ but instead first considered by the AC. *Ingram*, 496 F.3d at 1257. The new evidence need not satisfy the requirements for a remand under sentence six of 42 U.S.C. § 405(g). *Id.* at 1262. That is, Ms. Culver need not show good cause for her failure to present the evidence to the ALJ. *See Id.* Rather, "when a claimant [has] properly present[ed] new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Id.*

On March 21, 2011, Ms. Culver submitted five pieces of documentation to the AC that she claimed were "new and material evidence" in support of her claim. (Tr. 206). They are the following:

    1.    Two "Quality of Life" reports, based on examinations conducted by Dr.

>   Muhammed Tariq, M.D., on June 21, 2010, and July 12, 2010 (Tr. 301-11)
>
> 2.  A "Primary Care Service" report, based on an examination conducted by Dr. Mina Khan, M.D., on April 29, 2010 (Tr. 314-318)
>
> 3.  A "Disability Determination Comprehensive Evaluation" report written by Dr. David Wilson, Ph.D., of Gadsden Psychological Services, LLC, and based on an examination conducted on April 30, 2010 (Tr. 319-324)
>
> 4.  A Social Security Disability Questionnaire completed by Dr. Muhammad Tariq on January 31, 2011[5] (Tr. 325-326)
>
> 5.  An "Independent Medical Evaluation" performed by Dr. Jane Teschner, M.D., on March 2, 2011 (Tr. 327-339)

In her "Memorandum in Support of Disability," Ms. Culver argues that Dr. Tariq's Quality of Life reports "substantiate back, neck, and hip pain; history of a bulging disc in the lower back, a brain aneurysm, and a seizure; positive for fatigue, malaise, anxiety depression, and gait disturbance." (Doc. 11 at 2). Additionally, the records from Primary Care Service "substantiate severe back pain," and Dr. Wilson's evaluation "substantiates severe depression." (*Id.*). Last, Dr. Teschner's evaluation "substantiates left sided weakness secondary to stroke and an obvious disability." (*Id.* at 2-3).

The court must first determine whether this evidence is new, material, and

---

[5]The document appears at first to be dated January 31, 2010. However, this is likely a scrivener's error, as Dr. Tariq states earlier in the document that his first meeting with Ms. Culver was on June 21, 2010.

11

chronologically relevant. *Ingram*, 496 F.3d at 1261. Each piece is "new" in that it is not cumulative to the evidence that Ms. Culver presented to the ALJ. *See Caulder v. Brown*, 791 F.2d 872, 877 (11th Cir. 1986) (holding that "new objective medical evidence" presented first to the AC was not cumulative to the evidence proffered to the ALJ regarding the same underlying ailment). Whether each is "material" and "chronologically relevant" is an intertwined question. Each piece concerns events that occurred (i.e. treatments that were administered) after February 25, 2010 – the date of the ALJ determination. But that does not necessarily make them chronologically irrelevant. *See Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983) ("[A] treating physician's opinion is still entitled to significant weight notwithstanding that he did not treat the claimant until after the relevant determination date.") (citations omitted), *superseded on other grounds by* 42 U.S.C. § 423(d)(5).

However, in his completed Social Security Disability Questionnaire, Dr. Tariq clearly states that Ms. Culver's disability began on June 21, 2010. (Tr. 325). Thus, this document is indeed chronologically irrelevant, as it does *not* "relate to the period on or before the date of the [ALJ] hearing decision." 20 C.F.R. § 404.970(b). Nevertheless, the other four pieces of evidence are material and chronologically relevant. These reports and evaluations all occurred within thirteen months of the

ALJ decision date, with those treatments administered by Drs. Tariq, Khan, and Wilson variously happening within five months of the decision. Importantly, all describe physical and psychological symptoms manifested by Ms. Culver that, due to their nature and severity, could bear on her condition during the relevant period between January 23, 2007, and February 25, 2010. In other words, there is a "reasonable possibility" that the evidence, if credited, would persuade the ALJ in this case to reverse its decision. *Hyde*, 823 F.2d at 459

The AC here agreed with this conclusion, insofar as it decided to consider Ms. Culver's new evidence. (Tr. 2). However, Ms. Culver argues that it did not perform sufficient review of the evidence (*see* Doc. 11 at 21), and the court agrees. When a claimant properly presents new evidence, and the AC denies review, the AC must show in its written denial that it has adequately evaluated the new evidence. *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980).[6] If the AC merely "perfunctorily adhere[s]" to the ALJ's decision, the Commissioner's findings are, by definition, unsupported by substantial evidence. *Id.* ("*This failure alone* makes us unable to hold that the Secretary's findings are supported by substantial evidence . . .") (emphasis added). In such cases, the court *must* remand the decision to the Commissioner "for a determination of [the claimant's] disability eligibility reached

---

[6]This decision is binding precedent on this court. *See* Note 4, *supra*.

on the total record." *Id.* (citation omitted); *accord Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984) (holding that AC perfunctorily adhered to the ALJ's decision and that it had previously "been unable to hold the Secretary's findings were supported by substantial evidence under circumstances such as these") (citing *Epps*, 624 F.2d at 1273); *Ingram*, 496 F.3d at 1263 (quoting *Bowen* to the same effect).

In this case, the AC plainly failed to review Ms. Culver's new evidence adequately. It summarized its treatment of her evidence in the following way:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We also considered the contentions raised in your representative's brief dated March 21, 2011. We found this information does not provide a basis for changing the Administrative Law Judge's decision.

(Tr. 2-3). This review is purely conclusory, and it epitomizes "perfunctory adherence" to the ALJ decision. It claims to have considered the new evidence, but it offers no material basis for affirming the decision. *Epps* and its progeny thus dictate remanding the case. In opposition, the Commissioner maintains that the AC was not required to offer any more detail when it was "merely procedurally denying review." (Doc. 14 at 6). In support, it cites an unpublished decision issued by the Eleventh Circuit a few years ago. *Id.* (citing *Mansfield v. Astrue*, 395 F. App'x 528, 530 (11th Cir. 2010) (unpublished)). In *Mansfield*, the claimant's gravamen mirrored Ms. Culver's; she argued that the AC was "required to explain in non-conclusory

14

terms why the additional evidence she submitted would not have changed the dministrative result." *Id.* The court there disagreed, citing *Ingram*'s holding that a reviewing district court must evaluate such a claimant's new evidence de novo. *Id.* Because the reviewing court is able to "evaluate the claimant's evidence anew," the AC need not provide a thorough explanation for its denial of review. *Id.* However, a later unpublished opinion issued by the Eleventh Circuit did not adopt this reasoning when reviewing a similar fact scenario. *See Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 745 (11th Cir. 2011) (unpublished) (holding, under the *Epps* standard, that the Appeals Council inadequately evaluated the new evidence presented by the claimant).[7]

In this case, the court is bound by the clear holding of *Epps*, *Bowen*, and *Ingram*, which has not been overruled, abrogated, or otherwise undermined by any published decision issued by the Eleventh Circuit.[8,9] For this reason, the court must

---

[7]In the Eleventh Circuit, unpublished decisions are not binding precedent, but they may be cited as persuasive authority. 11th Cir. R. 36-2. Indeed, under the well-established "prior panel precedent rule" of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, and it binds all subsequent panels unless and until the first panel's holding is overruled by the court sitting en banc or by the Supreme Court. *E.g.*, *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997) ("The law of this circuit is 'emphatic' that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision." (quoting *United States v. Woodward*, 938 F.2d 1255, 1258 (11th Cir. 1991)).

[8]This decision accords with that reached very recently by a court in the Middle District of Florida. *Freudenvoll v. Comm'r of Soc. Sec.*, No. 6:12-cv-467-Orl-22GJK, 2013 WL 388683 (M.D. Fla. Jan. 9, 2013), *report and recommendation adopted by* 2013 WL 394012 (M.D. Fla.
(continued...)

reverse and remand the decision to the Commissioner "for a determination of [the claimant's] disability eligibility reached on the total record." *Epps*, 624 F.2d at 1273.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions o f the parties, the court finds that the Comissioner's final decision is not supported by substantial evidence. Accordingly, the decision of the Commission will be reversed and remanded by separate order.

**DONE** and **ORDERED** this 19th day of February, 2013.

---

[8](...continued)
Jan. 31, 2013). In *Freudenvoll*, the court detailed the judicial and administrative background behind the dispute over the scope of review demanded of the Appeal Council when claimants properly submit new evidence before it. *Id.* at *9-12. As it notes, in 1995, the Commissioner issued a memorandum "temporarily suspending the requirements for a detailed discussion of additional evidence [by the Appeals Council] and for specific response to contentions in denial notices." *Id.* at *10 (citing HALLEX § 1-3-5-90, 2001 WL 34096367). This "temporary" suspension is still in effect. *Id.* However, the undersigned agrees with the *Freudenvoll* court that district courts in the Eleventh Circuit are still bound by the precedent announced in *Epps* and reiterated in *Bowen* and *Ingram*. *Id.* at *11-12.

[9]Although the Commissioner does not make this argument here, the 1995 amendment to the Hearings, Appeals, and Litigation Law Manual ("Manual") cited in the last footnote does not "carry the force and effect of law." *Freudenvoll*, 2013 WL 388683, at *11 n.18 (citing *Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000) (holding that the Manual "is strictly an internal guidance tool, providing policy and procedural guidelines to ALJs and other staff members [and] it does not prescribe substantive rules and therefore does not carry the force and effect of law.")). It thus could not have superseded the binding precedent issued in *Epps*. *Id.* Moreover, as the *Freudenvoll* court noted, the 1995 memorandum did not strictly permit perfunctory adherence to the ALJ's decision without *any* discussion of the new evidence whatsoever. *Id.* It merely released the Appeals Council from having to review the evidence in detail. *Id.*

_[signature]_

**VIRGINIA EMERSON HOPKINS**
United States District Judge